Argued January 13, affirmed February 1, 1921.

# STOUT v. STOUT.

(195 Pac. 153.)

**Divorce—Decision of Trial Judge on Conflicting Evidence Given Great Weight.**

1. Where the testimony of the parties in a divorce case is conflicting, the determination of the trial judge, who heard the witnesses, will be given great weight.

**Divorce—Decree for Alimony must Stand Unless Unjust.**

2. A decree for alimony will not be reversed, in the absence of a showing that it was unfair or unjust.

From Yamhill: HARRY H. BELT, Judge.

Department 2.

This is a suit for divorce. The complaint avers the following matters as constituting cruel and inhuman treatment and personal indignities rendering life burdensome: That shortly after the marriage of the parties in 1911 the defendant grew sullen and morose, and would not speak to plaintiff for weeks at a time, and the only conversations he would address to her would be to command her to do or not to do something in relation to their work; that in reply to plaintiff's kind or affectionate remarks defendant would only answer with a sneer or an insulting look, giving instances of such conduct; that about nine months after their marriage plaintiff accompanied some friends to a party, returning at a reasonable hour, whereupon defendant became angry and refused to allow plaintiff to occupy her room and bed with him, and accused her of being unduly intimate with other men; that defendant withheld from plaintiff all love and affection, never bestowing on her the kisses or embraces of a husband, and when

she endeavored to kiss defendant or embrace him he repulsed her with scorn, and told her to get away and leave him alone; that he continued to curse her in her home, and would call the home a "damned dump"; and would say that it and plaintiff could "go to hell"; that he often threatened plaintiff, and said he would "slap her damned face off"; and that when he was leaving home he would answer plaintiff's inquiries as to where he was going by telling her it was "none of her damned business." The plaintiff charges that such conduct has endangered her health and wrecked her nerves.

There are allegations that defendant frequently went away from their home on the farm, leaving plaintiff alone with nobody but the hired man until 3 o'clock in the morning; that·he became enamored of a young woman in the neighborhood to the extent of forgetting his affection for plaintiff and his duties at home, meeting her at various places and receiving from her endearing letters beginning, for example, with "My dear Mel," and ending with "oceans of love and kisses from your own little ——"; that when defendant refused to desist from this course of conduct plaintiff left him, and after seven months' absence returned to him at his request and upon his promise to live a dutiful and different life; and that thereafter they lived happily together for about a year, when defendant resumed his former conduct and continued to give his attention to the above-mentioned young woman, and ordered plaintiff out of the house; the particulars being stated in the complaint. There are also allegations in regard to the financial condition of defendant and of plaintiff's contributions to the property on the farm, which it is unnecessary to detail here.

The defendant answered, denying the material allegations of the complaint, and by way of cross-bill charged plaintiff with cruel and inhuman treatment, consisting of complaints because he would not neglect his necessary work to attend dances and parties; with being angry without cause; with becoming sullen and morose and refusing to speak to him; with being jealous without cause; with complaining because he devoted so much time to business matters; with objecting to his farmer-like appearance, his tanned neck and dirty finger-nails; with falsely accusing him of improper relations with the young woman mentioned in the plaintiff's complaint, and generally finding fault with defendant without cause; neglecting her household duties and absenting herself from home, leaving defendant to prepare his own meals; and in many ways contriving to humiliate, harass, and annoy defendant.

The cause was put at issue by a reply. The court found for the plaintiff, and granted her a decree, together with $725 in adjustment of property rights, and $15 a month alimony, with costs. The defendant appeals.                                    Affirmed.

For appellant there was a brief over the names of *Mr. James E. Burdett, Mr. Frank Holmes* and *Mr. Roy Sparks,* with oral arguments by *Mr. Burdett* and *Mr. Holmes.*

For respondent there was a brief over the names of *Mr. Walter L. Tooze, Jr.,* and *Mr. W. T. Vinton,* with an oral argument by *Mr. Tooze.*

McBRIDE, J.—1. The testimony of the parties is very conflicting, and the careful and experienced

circuit judge had a much better opportunity to estimate its weight than we. The testimony was taken in open court, and the judge could observe the demeanor of the witnesses on the stand, the manner in which they testified, and those many little things that give weight to or detract from the value of words spoken by the witnesses; and we are therefore inclined to attach importance to the impressions made upon his mind by the testimony of the various witnesses.

Independently of this, we are disposed to credit the account of the married life of this couple as given by the plaintiff and her witnesses. In some material particulars defendant is contradicted by overwhelming evidence, and this leads us to distrust him in other matters. If the plaintiff's testimony is true— and we believe that it is—her case of cruel and inhuman treatment is fully made out. We decline to go into the testimony in detail, as that would unnecessarily involve the reputation of other persons than the parties, and would be of no permanent value.

2. As to the money decree, which really seems to be the principal contention between the parties, we see nothing unfair or unjust in the award made by the Circuit Court. The decree will therefore be affirmed. Plaintiff will recover her costs and disbursements in this court and the Circuit Court.

AFFIRMED.

BEAN, JOHNS and HARRIS, JJ., concur.